**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COUNTRY JOE STEVENS,

　　　　　Plaintiff - Appellant,

v.

DAVID A. MAR,

　　　　　Defendant - Appellee.

No. 13-16834

D.C. No. 3:12-cv-00010-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 21, 2015[**]

Before:　　CANBY, BEA, and MURGUIA, Circuit Judges.

　　Nevada state prisoner Country Joe Stevens appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.　We have jurisdiction under 28 U.S.C.

§ 1291.　We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Stevens failed to raise a genuine dispute of material fact as to whether defendant Dr. Mar provided treatment that was medically unacceptable and was in conscious disregard to an excessive risk to Stevens's health. *See id.* at 1058 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk of serious harm to an inmate's health, and a prisoner's disagreement with medical opinion is not sufficient to constitute deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (when a prisoner alleges that delay of medical treatment evinces deliberate indifference, he or she must show that the delay led to further injury).

We do not consider issues raised by Stevens in his opening brief that are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**